IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA KAUFFMAN, JUDY CHANG and ROSE PACHECO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA N.A., and DOES 1-50 inclusive,<br><br>Defendants. | No. C 09-04114 WHA<br><br>**DISCOVERY ORDER** |

This discovery order elaborates on the ruling made yesterday at the discovery conference. It may be true that the bank had a written policy instructing employees on how to make overtime requests and it may be true that plaintiffs neglected to make any such requests. But that does not bar plaintiffs from taking discovery to show that the unwritten policy was to fire those who did request overtime and thereby discourage such requests or to show that other written materials circulated within management substantially modified the written policy flourished about by counsel at the conference. (It is not clear whether the policy has ever been produced under Rule 34.) Therefore, the Court believes it is only fair to give plaintiffs the opportunity to take the depositions of the bank management at each branch who plaintiffs believed implemented the complained-of policy and thereby have an opportunity to establish a class-wide method of proof, which could be quite important at the class certification stage.

Pursuant to Rule 23(a)(2), class certification requires a finding that "there are questions of law or fact which are common to the class." At the threshold, finding commonality requires a common method of proving that the bank violated the overtime laws as to each putative class member in the first place. Without a common method of proof it would be necessary to have a trial-within-a-trial as to each putative class member, which would be prohibitively time-consuming and difficult. *See Castaneda v. Burger King Corp.*, 2009 WL 3151168 at 11 (N.D. Cal., 2009). The depositions ordered may develop evidence of a class-wide method of proof.

By the same token, the Court is concerned as to why plaintiffs failed to put in for overtime since the whole case is about failure to pay overtime. How could the bank know what to add to the paychecks if the employees failed to put in for it? Bank lawyers should depose all plaintiffs and get to the bottom of this. The testimony could also have an impact on class certification, perhaps demonstrating that individual circumstances varied from plaintiff to plaintiff.

All depositions shall be no more than half-day depositions without prejudice to taking more of the same deponent after class certification is ruled on and without prejudice to other forms of discovery in parallel. The half-day depositions shall be completed by **MARCH 12.** Counsel shall send up an agreed-on schedule by **FEBRUARY 16 AT NOON**, failing which the Court shall set the dates.

The deadline for moving for class certification is hereby moved six weeks to **JUNE 10, 2010.**

The *Belaire-West* notice must be sent out by **FEBRUARY 22** at the bank's expense, it being a procedure not required by Rule 23 and one desired only by the bank. The form of notice must be agreed-on and submitted for the Court's approval by **FEBRUARY 18, 2010.** By **FEBRUARY 18**, plaintiffs' counsel must advise the bank and the Court as to 25 branches to which it shall be sent.

**IT IS SO ORDERED.**

Dated: February 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2